SCHPOK v FODALE

1. PRINCIPAL AND AGENT—AGENTS—BROKERS—SALE OF SECURITIES—
   WORDS AND PHRASES—LIABILITY—STATUTES.

   Any individual other than a broker-dealer who represents a
   broker-dealer or issuer in effecting or attempting to effect
   purchases or sales of securities is an agent of the seller of a
   security for purposes of civil liability under the Uniform Secu-
   rities Act (MCLA 451.801[b], 451.810[b]).

2. CORPORATIONS—PRINCIPAL AND AGENT—AGENTS—BROKERS—SALE
   OF SECURITIES—LIABILITY—STATUTES.

   A corporation cannot be held jointly and severally liable as an
   agent of a seller of a security under the Uniform Securities Act
   (MCLA 451.801[b], 451.810[b]).

Appeal from Wayne, James N. Canham, J. Sub-
mitted June 19, 1975, at Detroit. (Docket No.
19626.) Decided September 23, 1975.

Complaint by Sam Schpok against Samuel Fo-
dale, First Detroit Securities Corporation, Bank of
the Commonwealth and Robert H. Voight for dam-
ages under the civil liability provision of the Uni-
form Securities Act. Summary judgment for de-
fendant Bank of the Commonwealth. Plaintiff ap-
peals. Affirmed.

*Stanley, Davidoff, Long & Gray,* for plaintiff.

*Hammond, Ziegelman & Satiroff* (by *Roger L.
Premo),* for defendant Bank of the Commonwealth.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 69 Am Jur 2d, Securities Regulation—State § 15 *et seq.*

Before: T. M. Burns, P. J., and Quinn and M. J. Kelly, JJ.

T. M. Burns, P. J. In this action, plaintiff sought to hold the Bank of the Commonwealth and other defendants[1] liable under the Michigan Uniform Securities Act, MCLA 451.501 *et seq.;* MSA 19.776(101) *et seq.*

Defendant Fodale, an agent of First Securities Corporation, advised plaintiff to invest in Dynatron, Inc., stock (formerly International Minerals Corporation). Fodale told the plaintiff that the stock could be purchased at the Bank of the Commonwealth. The bank was acting as escrow agent and transfer agent of the Dynatron stock pursuant to an agreement between it and the promoters of Dynatron, Inc. The escrow agreement provided that the bank would hold the stock and on receipt of $3.50 per share from certain named "prospective purchasers" would deliver a proportionate number of shares to itself as transfer agent of Dynatron for delivery to the purchasers. Plaintiff purchased 8,000 shares of the Dynatron stock. When the value of the stock reached $6.50 per share, plaintiff ordered Fodale to sell. Fodale did not execute the sell order as it was discovered that the stock could not be traded because it was not registered as required under Michigan law.

Plaintiff claims that the bank was an active participant in the sale of the stock as agent for the sellers and thus is liable under the civil liability provision of the Uniform Securities Act.[2] The bank claims that it is not liable as it performed no services for the seller but those of escrow and

---

[1] Bank of the Commonwealth is the only appellee.

[2] MCLA 451.810(b); MSA 19.776(410)(b).

transfer agent. The trial court granted summary judgment for the bank. This appeal followed.

Plaintiff principally assigns error to the ruling of the trial court that as a matter of law the defendant is not liable under the Uniform Securities Act. The pertinent section of the statute provides that:

"[E]very broker-dealer or agent who materially aids in the sale [of a security in violation of certaion sections] are also liable jointly and severally with and to the same extent as the seller * * * ".[3]

There is no contention that defendant was functioning as a broker-dealer, as the statute expressly excludes banks from such classification.[4] The issue, thus, involves the definition of the term "agent" as applied by the Uniform Securities Act. In the definitional section of the statute, "agent" is described as "any individual other than a broker-dealer who represents a broker-dealer or issuer in effecting or attempting to effect purchases or sales of securities".[5]

Whether or not an "individual" includes a corporation (such as defendant) is thus the determinative issue in this appeal. If the defendant cannot as a matter of law be an "agent" for the purposes of the statute, the factual questions which arise under the section creating the liability of the seller's agent become moot.

We believe that the legislative intent is expressed in the statute that a corporation cannot be an "individual" and hence cannot be an "agent".

Section 401(i) defines "person" as "an *individual,*

---

[3] *Id.*

[4] MCLA 451.801(c); MSA 19.776(401)(c).

[5] MCLA 451.801(b); MSA 19.776(401)(b).

a *corporation,* a partnership, an association
* * * ".[6] (Emphasis added.)

Since an individual and a corporation are
treated separately by this definition section of the
statute, we conclude that the Legislature intended
the terms to be mutually exclusive. A corporation,
then, cannot be an "individual". Because an
"agent" under the statute is limited to an "individual", it follows that a corporation cannot be held
jointly and severally liable as an agent of a seller
of a security under MCLA 451.810(b); MSA
19.776(410)(b).

Having determined that defendant as a corporation does not fall within the purview of the pertinent sections of the statute, it is not necessary to
consider the other issues raised by this appeal
dealing with the same sections of the Uniform
Securities Act.

The decision of the trial court granting defendant's motion for summary judgment is affirmed.

---

[6] MCLA 451.801(i); MSA 19.776(401)(i).